**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:07-CV-76**

**MICHAEL ROSE,**
**on behalf of himself and all**
**persons similarly situated**                                                            **PLAINTIFF**

**V.**

**DAVIESS COUNTY FISCAL COURT**                                 **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by Defendant to dismiss the complaint for failure to state a claim. (DN 5) Fully briefed, this matter is ripe for decision. For the following reasons, the Defendant's motion to dismiss is **GRANTED in part** and **DENIED in part**.

**I. FACTS**

On October 1, 1973, the Defendant, Daviess County Fiscal Court, enacted an ordinance which imposes a license tax on fire and casualty insurance companies for the privilege of engaging in business in Daviess County.[1] Pursuant to this ordinance, all fire and casualty insurance companies doing business in Daviess County, which provide insurance on property or risks located in the unincorporated areas of Daviess County, must file a statement with the county treasurer of the total amount of direct premiums received during the preceding calendar year. At the time of this filing, the insurance company must pay a license tax of 4.9% of the premiums received from the unincorporated areas of Daviess County. Premiums received from unincorporated areas of the county are not subject to the license tax. The funds received as a result of the license tax are "used

---

[1] The ordinance was enacted pursuant to K.R.S. §91.080(1) which permits the legislative bodies of cities and counties to impose and collect license fees upon insurance companies for the privilege of engaging in business within their boundaries. This statute allows the insurer to charge its insured a "reasonable collection fee" (not more than 15% of the fee remitted to the city or county) as compensation for the license fee. K.R.S. §91.080(1).

for fire protection equipment, fire department buildings and salaries, or incidental expenses for maintaining and equipping the Daviess County Fire Departments; or used as security for the sale of revenue bonds commensurate with the above enumerated expenditures." (DN 5, Ex. A, p. 2, ¶ 5).

The Plaintiff is a resident of an unincorporated area of Daviess County. He claims that the ordinance violates the equal protection rights of the residents of the unincorporated areas of Daviess County because the insurance companies pass the premium tax collected pursuant to the ordinance on to their customers who reside in the unincorporated areas of the county but not to their customers who reside in the incorporated areas.

## II. LEGAL STANDARD

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6),

> the court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief. Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006). Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). Plaintiffs' obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. Id. at 1965. To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. Id. at 1969.

LULAC v. Bredesen, 2007 FED App. 0341P, *5-6 (6th Cir. 2007). Further, a court may take judicial notice of public records when considering a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) as long as the court does not use them to prove facts that are subject to dispute. Passa v. City of Columbus, 123 Fed. Appx. 694, 697 (6th Cir. 2005).

## III. ANALYSIS

2

In his complaint, the Plaintiff alleges that the license tax ordinance violates the equal protection rights guaranteed to him by the Fourteenth Amendment of the United States Constitution and § 3 of the Kentucky Constitution. He also alleges that the ordinance violates the section of the Kentucky Insurance Code which makes illegal dealing in premiums a criminal offense. Finally, the Defendant asks the Court to issue a declaratory judgment declaring that the ordinance violates the United States and Kentucky constitutions.[2]

**A. Equal Protection**

The Fourteenth Amendment of the United States Constitution provides that "no State shall...deny to any person...the equal protection of the laws." U.S. Const. Amend XIV, §1. If the tax law in question does not distinguish on the basis of race, gender, or between in-state and out-of-state businesses, or long-time or new residents, then the law is subject to rational-basis review. Fitzgerald v. Racing Ass'n, 539 U.S. 103, 107 (2003). Under rational-basis review,

> the Equal Protection Clause is satisfied so long as there is a plausible policy reason for the classification, the legislative facts on the which the classification is apparently based rationally may have been considered to be true by the governmental decisionmaker, and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational.

Id. (quoting Nordlinger v. Hahn, 505 U.S. 1, 11-12 (1992)). Indeed, rational-basis review "is especially deferential in the context of classifications made by complex tax laws." Id. (quoting Nordlinger, 505 U.S. at 11). The Kentucky Supreme Court has held that this same standard of review is applicable to statutory classifications challenged under the Kentucky Constitution. Keith v. Hopple Plastics, 178 S.W.3d 463, 465 (Ky. 2005); Commonwealth v. Howard, 969 S.W.2d 700,

---

[2] The Court declines to consider the arguments made by the Plaintiff which do not relate to the causes of actions set forth in the Complaint.

3

704 (Ky. 1998); but see Elk Horn Coal Corp. v. Cheyenne Res., Inc., 163 S.W.3d 408, (Ky. 2005)("Instead of requiring a "rational basis" in equal protection cases, Kentucky courts construe the Kentucky Constitution to require a "reasonable basis" or a "substantial and justifiable reason" for discriminatory legislation in areas of social and economic policy.")

According to the Plaintiff, the tax ordinance at issue here violates his equal protection rights because it applies only to residents of the unincorporated areas of the county. In response, the Defendant first argues that the Plaintiff has misconstrued the ordinance by asserting that it taxes "residents" of the unincorporated areas of the county. While the Court agrees that the Plaintiff has misconstrued the statute - the statute does not tax residents, but every fire and casualty insurance company that insures property or risks within the unincorporated areas of the county - the ordinance still makes a classification between fire and casualty insurance companies that insure property or risks with the unincorporated areas and those that do not.

Because the statute makes a such a classification, it is subject to rational-basis review. Thus, the Defendant must provide a "plausible policy reason for the classification." Nordlinger, 505 U.S. at 11-12. The Defendant contends that the classification is reasonable because the tax revenue generated by the ordinance is used only to fund the fire departments that serve the unincorporated areas of the county. The Court would agree that such a classification has a rational basis, however, the Defendant has alleged that Daviess County places revenue from the tax in a "sinking fund" which benefits all citizens of Daviess County, not just those in the unincorporated areas of the county. The Defendant asks the Court to consider the stated purpose of the Daviess County Ordinance and the City of Owensboro Ordinance as conclusive evidence that the revenue generated by the Daviess County Ordinance does not go to benefit the incorporated areas of Owensboro.

However, at this stage in the litigation, the Court must "accept all well-pled factual allegations as true" and it cannot rely on public records to prove facts that are in dispute. Thus, the Defendant's motion to dismiss the Plaintiff's equal protection claim is **DENIED**.

**B. The Kentucky Insurance Code**

The Plaintiff also contends that the Defendant violated the section of the Kentucky Insurance Code which prohibits illegal dealing in premiums. K.R.S. §304.12-190 which provides as follows:

> (1) No person shall willfully collect any sum as premium or charge for insurance, which insurance is not then provided or is not in due course to be provided (subject to acceptance of the risk by the insurer) by an insurance policy issued by an insurer as authorized by this code.
> (2) No person shall willfully collect as premium or charge for insurance any sum in excess of the amount actually expended or in due course to be expended for insurance applicable to the subject on account of which the premium was collected or charged.
> (3) No person shall willfully or knowingly fail to return to the person entitled thereto within a reasonable time any sum collected as premium or charge for insurance in excess of the amount actually expended for insurance, or for medical examination in the case of life insurance, applicable to the subject on account of which the premium or charge was collected.
> (4) Each violation of this section shall be punishable as provided in Subtitle 99.

The Plaintiff claims that the Defendant violated this statute by enacting an ordinance which "authorizes and approves collection of insurance premiums only from residents of unincorporated areas of Daviess County....and pursuant to which, insurance premium taxes are, in fact, collected only from residents of the unincorporated areas of Daviess County...and by willfully and knowingly fail[ing] to return ...[said] sums...."(DN 1, Complaint, ¶ 40).

The Defendant argues that K.R.S. §304.12-190 is inapplicable because the Daviess County Fiscal Court is not a "person" within the definition of the Kentucky Insurance Code. The Court agrees. The Kentucky Insurance Code defines the term "person" as an "individual, insurer, company,

5

association, organization, Lloyd's insurer, society, reciprocal insurer or inter-insurance exchange, partnership, syndicate, business trust or corporation, and every other related legal entity." K.R.S. § 304.1-020. The Plaintiff argues that the Defendant, the Daviess County Fiscal Court, as a governing body which assesses and collects taxes, is a "related legal entity." The Court declines to hold that this phrase applies to a fiscal court in this context. Even if it should apply, the Defendant is not a "person" who collects premiums or charges for insurance. Accordingly, the Defendant's motion to dismiss this claim is **GRANTED**.

## IV. CONCLUSION

For the foregoing reason, the Defendant's motion to dismiss is **GRANTED in part** and **DENIED in part**.

cc: Counsel of Record