**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CASE NO. 4:07-CV-76-M**

**MICHAEL ROSE,**
**on behalf of himself and**
**all persons similarly situated**                                                          **PLAINTIFF**

**V.**

**DAVIESS COUNTY FISCAL COURT**                                                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by the Defendant for summary judgment. [DN 24]. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendant's motion is **GRANTED**.

**I. FACTS**

On October 1, 1973, the Defendant, Daviess County Fiscal Court ("Daviess County" or "the County"), enacted an ordinance which imposes a license tax on fire and casualty insurance companies for the privilege of engaging in business in Daviess County.[1] The funds received as a result of the license tax are "used for fire protection equipment, fire department buildings and salaries, or incidental expenses for maintaining and equipping the Daviess County Fire Departments; or used as security for the sale of revenue bonds commensurate with the above enumerated expenditures." (DN 5, Ex. A, p. 2, ¶ 5). Pursuant to the ordinance, all fire and casualty insurance companies doing business in Daviess County, which provide insurance on property or risks located in the unincorporated areas of Daviess County, must file a statement with the county treasurer of the

---

[1] The ordinance was enacted pursuant to K.R.S. §91.080(1) which permits the legislative bodies of cities and counties to impose and collect license fees upon insurance companies for the privilege of engaging in business within their boundaries. This statute allows the insurer to charge its insured a "reasonable collection fee" (not more than 15% of the fee remitted to the city or county) as compensation for the license fee. K.R.S. §91.080(1).

total amount of direct premiums received during the preceding calendar year. At the time of this filing, the insurance company must pay a license tax of 4.9% of the premiums received from the unincorporated areas of Daviess County. The insurance companies pass this license fee on to their policyholders in the form of an insurance premium tax. The proceeds from the insurance premium tax are placed into a "general fund" with monies generated from over 50 other revenue sources. In addition to being used to fund fire protection services for residents of the unincorporated areas of the county, money from the fund has also been used to benefit residents of the unincorporated areas of the county. Indeed, the evidence shows that money from the fund has been expended upon the Owensboro Symphony Orchestra, the Owensboro Museum, the Dance Theatre of Owensboro, and the Theatre Workshop of Owensboro. However, the evidence also establishes that, since 1978, the license tax has generated approximately $ 26,249,913.00 and that, during the same period, Daviess County has expended approximately $ 29,013,614.00 funding fire protection in the unincorporated areas of the county.

The Plaintiff is a resident of an unincorporated area of Daviess County. He claims that the ordinance violates the equal protection rights of the residents of the unincorporated areas of Daviess County because the insurance companies pass the premium tax collected pursuant to the ordinance on to their customers who reside in the unincorporated areas of the county but not to their customers who reside in the incorporated areas.

## II. LEGAL STANDARD

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

56. The moving party bears the initial burden of specifying the basis for its motion and of identifying the portion of the record which demonstrates the absence of a genuine issue of material facts. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party themselves thereafter must produce specific facts demonstrating that a genuine issue of fact exists for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of scintilla of evidence in support of the [non-moving party's] position will be insufficient, there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477. U.S. at 252.

### III. ANALYSIS

The Fourteenth Amendment of the United States Constitution provides that "no State shall...deny to any person...the equal protection of the laws." U.S. Const. Amend XIV, §1. If the tax law in question does not distinguish on the basis of race, gender, or between in-state and out-of-state businesses, or long-time or new residents, then the law is subject to rational-basis review. Fitzgerald v. Racing Ass'n, 539 U.S. 103, 107 (2003). Under rational-basis review,

> the Equal Protection Clause is satisfied so long as there is a plausible policy reason for the classification, the legislative facts on the which the classification is apparently based rationally may have been considered to be true by the governmental decisionmaker, and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational.

Id. (quoting Nordlinger v. Hahn, 505 U.S. 1, 11-12 (1992)). Indeed, rational-basis review "is especially deferential in the context of classifications made by complex tax laws." Id. (quoting Nordlinger, 505 U.S. at 11). The Kentucky Supreme Court has held that this same standard of review is applicable to statutory classifications challenged under the Kentucky Constitution. Keith v. Hopple Plastics, 178 S.W.3d 463, 465 (Ky. 2005); Commonwealth v. Howard, 969 S.W.2d 700, 704 (Ky. 1998); but see Elk Horn Coal Corp. v. Cheyenne Res., Inc., 163 S.W.3d 408, (Ky. 2005)("Instead of requiring a "rational basis" in equal protection cases, Kentucky courts construe the Kentucky Constitution to require a "reasonable basis" or a "substantial and justifiable reason" for discriminatory legislation in areas of social and economic policy.")

The Plaintiff argues that the ordinance discussed above violates the Equal Protection Clauses of the Kentucky and United States Constitutions because there is not a rational basis for the "unequal taxation mechanism" imposed by the ordinance. As evidence of such, the Plaintiff points to the fact that the Defendant does not maintain separate accounts for each of its revenue sources and argues that, because no such system exists, and because the insurance premium tax proceeds are placed into a general fund, it is impossible to know precisely how the insurance premium tax proceeds are spent. The Plaintiff suggests that, in the absence of such evidence, it is possible to conclude that funding for the fire protection of unincorporated residents comes from another source and, thus, the Defendant's argument that there is a rational basis for the ordinance's classification fails. Finally, the Plaintiff argues that, even if revenue from the tax is used to fund fire protection for the unincorporated areas of the county, the tax is unnecessary since property owners in the unincorporated areas of the county pay a separate tax to fund volunteer fire departments therein.

The County argues that the tax passes rational basis review because the evidence establishes

4

that, consistent with the stated purpose of the tax, it uses the revenue generated by the tax to fund fire protection in the unincorporated areas of the county. As evidence of such, it points to the fact that, since 1978, it has actually spent more money on fire protection than has been generated by the subject license tax.

The Court holds that the ordinance passes rational-basis review. Even though it is not possible to trace how the revenue generated by the tax is spent once it is placed in the County's general fund, the available evidence establishes that the ordinance's classification is not arbitrary. The evidence shows that the County spends more money on fire protection for unincorporated residents of the county than is generated by the tax. This evidence is sufficient to satisfy the relaxed rational basis standard that is applicable when tax statutes are challenged; it shows that there is a "plausible policy reason" for the ordinance's classification, which exists to generate revenue to help fund the County's fire departments, and that the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational. Further, the evidence which establishes that unincorporated residents also pay a tax to help support volunteer fire departments located in the unincorporated areas of the county makes the ordinance no less rational. Thus, the Court concludes that there are no material facts in dispute and that the County is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

cc: Counsel of Record